### Joseph Thrasher & *ux. versus* Joseph Tuttle.

It is well settled at common law, that the choses in action of a female, upon her marriage, pass to the husband; so that he may, at any time thereafter, during the life of himself and wife, reduce the amount due on them to possession.

The wife cannot receive payment of the sums due on them, except as the agent of her husband; but if he knows of payments made to her, and does not object, he will be considered as authorizing them.

Assumpsit on a note given by the defendant to the wife of the plaintiff before their marriage, with a count for money had and received.

To support his action, the plaintiff, at the trial before WHITMAN C. J. produced the note described in the declaration, taking it from the files in the case, where it had been left by the defendant, on the trial in the District Court, the name of the defendant having been torn from it. The plaintiff proved by one witness, that on May 3, 1838, he notified the defendant in writing, "not to pay any thing to my wife on the note which you gave her, as no payment will be good, without my consent, after this notice," and that Tuttle then said, "that he was not then in circumstances to pay said note." Another witness testified, that he attended court in a case where the plaintiff's wife prayed for a divorce from him, and that the defendant, who is her brother, was a witness in the case, and testified that he owed her about two hundred and twenty dollars, and that he supposed she had the note. Another witness testified, that a day or two after this action was brought, Tuttle said he had paid his sister, Mrs. Thrasher, about three hundred dollars, and he did not know, but he should have to pay it again, and expected he should, but that she had agreed to pay

the money back, if the plaintiff recovered in this action. The defendant offered no evidence. By agreement of the parties, the case was taken from the jury, and submitted to the decision of the Court on the facts; and the Court were to order a nonsuit or default.

*Mitchell*, for the plaintiff, considered the law as perfectly well settled in his favor, and therefore would merely cite 2 Kent, 135.

*Preble* argued for the defendant, and among other grounds, contended, that when the husband leaves a note given to the wife before marriage in her hands and possession, she has sufficient authority to receive payment for the note, and give it up. He cited the opinion of Judge Ware, found in the Law Reporter for Feb. 1843, and Chitty on Cont. (5th Am. Ed.) 157, and notes.

The opinion of the Court was by

WHITMAN C. J. — Nothing is better settled at common law, than that the choses in action of a female, upon her marriage, pass to the husband; so that he may, at any time thereafter, during the life of himself and wife, reduce the amount due on them to possession. The wife cannot receive payment of the sums due on them, except as the agent of her husband. If he knows of payments made to her, and does not object, he will be considered as authorizing them. In this case no express or implied authority was given to the wife to receive the amount due; but the reverse of it. The defendant had express notice that she had no such authority. He therefore paid her with full knowledge, as it must be deemed, that he was doing wrong. If it had been necessary for the plaintiff to resort to a court of equity to recover this demand, it would have been in its power to have decreed payment to him upon such terms, as it respects a provision for the wife out of the amount due, as might be deemed equitable. But a court of law is without any such power.

*Defendant defaulted,
and judgment accordingly.*